1:25-cr-00520
Judge Lindsay C. Jenkins
Magistrate Judge Jeannice W. Appenteng
RANDOM/CAT.4

FILED
8/27/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

QR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. |
| v. | Violation: Title 26, United States Code, Section 7212(a) |
| CATHLEEN M. LLOYD | |

THE UNITED STATES ATTORNEY charges:

1. At times material to this information:

 a. The Internal Revenue Service was an agency of the United States Department of the Treasury, responsible for administering and enforcing the tax laws of the United States. Under these laws, individuals and entities were required to accurately report income and deductions to the IRS on annual income tax returns. The IRS used this information to carry out its lawful function to ascertain income in order to compute, assess, and collect income taxes and penalties for the United States.

 b. Defendant CATHLEEN LLOYD was a Certified Public Accountant who operated her own accounting business, John L. Lloyd & Company.

 c. Individual A was a resident of Illinois and Florida. LLOYD, through her business, provided bookkeeping and accounting services to Individual A and various entities that he owned and controlled.

 d. In approximately March 2015, the IRS began an audit of Individual A's individual income tax return (Form 1040 with schedules and attachments) for tax year 2013. During the course of the audit, the examination was expanded to include

1

Individual A's individual income tax return for tax year 2014. LLOYD was one of the individuals representing Individual A before the IRS in the audit.

      e.    The scope of the audit included Individual A's treatment of residential properties as rental or investment properties and the deductions he claimed for those properties. The properties included properties in Bachelor Gulch, Colorado; Ladue, Missouri; Naples, Florida; and Chicago, Illinois.

      f.    During the audit, the IRS sent to Individual A and his representatives, including LLOYD, information document requests ("IDRs") that called for production to the IRS of documents related to properties that were items on the relevant tax returns.

      2.    Beginning no later than approximately February 12, 2016, and continuing through approximately May 26, 2017, in the Northern District of Illinois, and elsewhere,

CATHLEEN M. LLOYD,

defendant herein, knowing of the audit described above, corruptly obstructed and impeded, and endeavored to obstruct and impede, the Internal Revenue Service in the due administration of the Internal Revenue Code namely, the audit of Individual A's United States Individual Income Tax Returns (Form 1040 with schedules and attachments) by committing and causing to be committed various acts, each such act having a nexus to the audit, including but not limited to the following:

      a.    On or about May 12, 2016, in response to an IDR issued during the audit, LLOYD sent to the IRS a fictitious residential management agreement from a company in Colorado purporting to have performed rental management services for Individual A's property in Bachelor Gulch, Colorado.

      b.      On or about September 6, 2016, in response to an IDR issued during the audit, LLOYD sent to the IRS fictitious documents purporting to show that Individual C rented the Bachelor Gulch property from Individual A in 2013 and 2014, including fictitious lease agreements.

      c.      On or about April 20, 2017, in response to an IDR issued during the audit, LLOYD sent to another representative of Individual A a false quit claim deed, purportedly executed on August 15, 2014, falsely represented that Individual A became the owner of the Chicago, Illinois property on or about that date. LLOYD understood that the false quit claim deed would be provided to the IRS as part of the audit.

In violation of Title 26, United States Code, Section 7212(a).

**JASON YONAN**
Digitally signed by JASON YONAN
Date: 2025.04.28 15:12:49 -05'00'

Signed by Jason Yonan on behalf of the
UNITED STATES ATTORNEY